IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jeffrey D. Kerns,

    Plaintiff,

    v.                        Case No. 2:16-cv-57

Commissioner of
Social Security,

    Defendant.

## ORDER

Plaintiff Jeffrey D. Kerns brings this action under 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. Plaintiff claimed to be disabled as a result of an injury to his right knee sustained on the job while employed as a police officer. The record indicates that plaintiff has had two knee surgeries, and that the initial injury was aggravated by later falls. The administrative law judge ("ALJ") reviewed the medical evidence in the record and held a hearing, at which plaintiff, accompanied by counsel, and a vocational expert testified. In a decision dated May 14, 2014, the ALJ found that plaintiff had severe impairments consisting of osteoarthritis of the right knee, sprains and strain of the right knee, leg, hip and thigh, status post knee surgery times two, and complex regional pain syndrome/reflex sympathetic dystrophy with associated saphenous neuropathy. PAGEID 73. After considering the entire record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform sedentary work,

> except that he requires a sit/stand option with allowance
> to alternate sitting or standing positions for up to two

minutes, at 30-minute intervals without going off-task. He should never operate foot controls with his right foot. The claimant should never climb ladders, ropes or scaffolds, kneel, crouch or crawl. He can occasionally climb ramps and stairs, balance, and stoop. He should avoid concentrated exposure to extreme cold and heat, wetness, and humidity. The claimant should avoid all exposure to unprotected heights, hazardous machinery and commercial driving. He is limited to performing simple, routine and repetitive tasks requiring only simple decisions, with no fast-paced production requirements and few workplace changes because of medication side effects and pain.

PAGEID 74. Citing the testimony of the vocational expert, the ALJ concluded that there were jobs in the economy which plaintiff could perform, and that he was not disabled. PAGEID 91-92.

This matter is before the court for consideration of plaintiff's March 24, 2017, objections (Doc. 15) in response to the March 10, 2017, report and recommendation of the magistrate judge (Doc. 14), recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of*

*Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

A. ALJ's Consideration of Listing 1.02A

At step three of the disability analysis, the ALJ must determine whether the claimant's impairment is of a severity sufficient to meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment is of a severity sufficient to meet or medically equal the criteria of a listing and meets the duration requirement in 20

3

C.F.R. §404.1509, then the claimant is disabled. At step three of the evaluation process, it is the burden of the claimant to show that he meets or equals the listed impairment. *Thacker v. Social Sec. Admin.*, 93 F. App'x 725, 727-28 (6th Cir. 2004)(citing *Buress v. Sec'y of Health & Human Servs.*, 835 F.2d 139, 140 (6th Cir. 1987)).

The ALJ addressed whether plaintiff met the requirements of Listing 1.02A, as follows:

> The undersigned has considered the severity of the claimant's osteoarthritis and sprains and strains of the right knee/leg pursuant to section 1.02A of the listing of impairments. The claimant does not have a major dysfunction of a joint(s)(due to any cause), characterized by gross anatomical deformity (e.g. subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affect[ed] joint(s), with A) involvement of one major peripheral weight-bearing joint (i.e. hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b. Therefore, his impairments are not of listing level severity.

PAGEID 73-74. The above language essentially quotes the text of Listing 1.02A.

Plaintiff's first objection addresses the magistrate judge's conclusion that the ALJ adequately explained why plaintiff did not meet the requirements of Listing 1.02A. The "good reasons" requirement applicable to treating physician opinions does not apply to the step-three analysis. *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 364-65 (6th Cir. 2014). Rather, the regulations governing the five-step inquiry process only require the ALJ to consider all evidence in the case record, and, at step three, to consider the medical severity of the claimant's impairments. *Id.*

4

at 365; *see also Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006)(ALJ not required to spell out every consideration that went into the step-three determination). The Commissioner's decision may be upheld where the ALJ made sufficient factual findings elsewhere in his decision to support the conclusion at step three. *Forrest*, 591 F. App'x at 366. Even if the ALJ's factual findings fail to support the step-three determination, any error in that regard is harmless if the court finds, based on its own review of the record, that plaintiff has failed to show that his impairments met or medically equaled in severity the listed impairment. *Id.*

In light of the ALJ's extensive sixteen-page discussion of the medical records in this case, the magistrate judge concluded that the ALJ considered all of the evidence in the record, as well as the medical severity of plaintiff's impairments, in determining that he did not meet the listing. Doc. 14, p. 12. Plaintiff argues that the magistrate judge engaged in impermissible post-hoc rationalization by considering whether the medical records supported the ALJ's step-three determination. The magistrate judge properly examined the record evidence as a whole in deciding whether that evidence supported the ALJ's step-three determination. *See Forrest*, 591 F. App'x at 366; *see also Ealy*, 594 F.3d at 512 (review of the Commissioner's findings must be based on the record as a whole); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)(same).

By way of non-exhaustive examples, records summarized by the ALJ which would support his step-three determination include: MRI reports and x-rays in 2010 and 2011 which were normal or showed no

significant abnormalities, *see* PAGEID 76-79; x-rays in June of 2011 which revealed mild medial joint line narrowing, *see* PAGEID 80; the January 12, 2012 reports of Hammam Hadi Akbik, M.D. a pain specialist, and Frank R. Noyes, M.D., an orthopedist, who noted that plaintiff had full range of motion in his right knee (except for some restriction on flexion), full strength in the lower extremities, and a steady gate, with no indication of a ligament injury to the knee joint, *see* PAGEID 83; an MRI in February of 2012, which revealed that the areas affected by plaintiff's second knee surgery had nearly healed, *see* PAGEID 85; Dr. Akbik's October 17, 2012, evaluation which noted that plaintiff's gait was steady and his muscle strength was normal, *see* PAGEID 87; and the March 14, 2013, report of Dr. Noyes stating that plaintiff's arthritis had not progressed and was not bone-on-bone, and that he was not a candidate for knee replacement in the near future, *see* PAGEID 87. The ALJ gave controlling weight to the June 2012 opinion of Dr. Noyes, who concluded that plaintiff had a twenty percent lower extremity impairment from an orthopedic standpoint. PAGEID 86. The ALJ also found that plaintiff's complaints of pain were only partially credible. PAGEID 88.

In concluding that plaintiff was capable of performing sedentary work, the ALJ noted that, although plaintiff used crutches, there was no evidence that crutches were prescribed; that Gary Hinzman, M.D., the state agency medical consultant, did not opine that plaintiff required the use of crutches; that on June 12, 2012, plaintiff went to two evaluations, but only took crutches to one of them; and that plaintiff had a normal and steady gait and was able to walk independently when examined by Dr. Akbik on August

9, 2012, and October 17, 2012. PAGEID 90. The ALJ relied on Dr. Akbik's recommendations that plaintiff seek vocational rehabilitation counseling, as opposed to disability benefits, as indicating a belief that plaintiff was capable of performing a lighter job than his former job as a police officer. PAGEID 90. The ALJ also cited the September 5, 2013, report of Dr. Noyes, who observed that plaintiff's complaints of pain were out of proportion to what would be expected given his pathology. PAGEID 90.

The court concludes that the ALJ made sufficient findings to support his step-three determination. The court further concludes, based on its own review of the record, that the ALJ's step-three finding that plaintiff failed to meet the criteria for Listing 1.02A disability is supported by substantial evidence. Plaintiff's first objection is denied.

B. Challenge to the RFC

A claimant's RFC is the most that a claimant can do despite his or her limitations. 20 U.S.C. §404.1545(a)(1). The ALJ is charged with determining a claimant's RFC. 20 C.F.R. §§404.1527(e)(2) and 404.1546(c). In making that determination, the ALJ must evaluate all the medical evidence as well as the claimant's testimony. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). "Discretion is vested in the ALJ to weigh all the evidence." *Collins v. Comm'r of Soc. Sec.*, 357 F. App'x 663, 668 (6th Cir. 2009). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

7

Plaintiff argues that the ALJ erred in failing to incorporate a prohibition against squatting in the RFC. Plaintiff relies on the opinion of Howard A. Pinsky, D.O., who performed an independent consultative medical examination of plaintiff on June 12, 2012. Dr. Pinsky concluded that plaintiff should never push, pull, squat, kneel, stand, or walk. PAGEID 344. The ALJ thoroughly summarized Dr. Pinsky's evaluation, including the recommended limitation on squatting. PAGEID 85-86. However, the ALJ gave limited weight to Dr. Pinsky's opinion, noting that Dr. Pinsky only evaluated plaintiff on one occasion, and that Dr. Pinsky's opinion that plaintiff is precluded from all standing and walking was not supported by the record. PAGEID 86. The ALJ also considered the October 14, 2010, work form completed by plaintiff's orthopedist, Paul A. Nitz, M.D., which stated that plaintiff should not perform squatting. PAGEID 78. The ALJ noted that these restrictions (which followed plaintiff's August 9, 2010, knee surgery) were meant to be temporary. PAGEID 78.

The magistrate judge properly concluded that the ALJ's decision should be upheld because the ALJ did not ignore, but rather considered Dr. Pinsky's opinion, and because the RFC determination was supported by substantial evidence. Doc. 14, p. 15. In regard to plaintiff's ability to squat, the magistrate judge noted physical therapy notes dated October 25, 2011, which stated that plaintiff "was able to do 20 repetitions on right lower extremity exercises and wall squat," and physical therapy notes dated November 1, 2011, and November 3, 2011,[1] which reported that

---

[1] The date of November 11, 2016, at page 14 of the report and recommendation is a typographical error; the exhibits referred to

plaintiff was doing mini-squats which he tolerated well. Doc. 14, p. 14. The magistrate judge did not engage in improper post-hoc rationalization in pointing to this record evidence as support for the lack of a specific prohibition against squatting in the RFC. *Ealy*, 594 F.3d at 512. In any event, the records cited by the magistrate judge were also summarized by the ALJ in his decision, and were obviously considered by him as well. See PAGEID 81.

Even assuming that the failure to include a prohibition against squatting in the RFC was error, it was not prejudicial due to the fact that the RFC states that plaintiff should never crouch. PAGEID 74. The term "squat" is not a commonly used term in vocational parlance and is not defined in the Social Security Rulings. *See Wright v. Astrue*, No. 5:09-CV-546-FL, 2010 WL 5056020, *9 (E.D.N.C. Sept. 16, 2010), *report and recommendation adopted by*, 2010 WL 5055899 (E.D.N.C. Dec. 6, 2010). However, the term "crouch" is defined as "bending the body downward and forward by bending both the legs and spine." S.S.R. 85-15, 1985 WL 56857, *7 (1985). Courts have concluded that the terms "crouch" and "squat" are synonymous. *See Lawson v. Astrue*, No. 3:10-212-HFF-JRM, 2011 WL 4502026, *11 (D.S.C. July 29, 2011), *report and recommendation adopted by*, 2011 WL 4527370 (D.S.C. Sept. 29, 2011); *Wright*, 2010 WL 5056020 at *9; *Chavez v. Astrue*, 699 F.Supp.2d 1125, 1133, n. 5 (C.D. Cal. 2009)(ALJ's use of the term "crouch" rather than "squat" in assessing plaintiff's RFC was inconsequential since the terms are essentially synonymous). Additionally, a crouching limitation has little, if any, impact on the sedentary occupational base in which plaintiff was placed by

---

are physical therapy notes from November 1 and 3, 2011.

the RFC. *See* S.S.R. 96-9p, 1996 WL 374185, *7 (1996)(crouching is an activity not usually required in sedentary work); S.S.R. 83-14, 1983 WL 31254, *2 (1983)(explaining that "to perform substantially all of the exertional requirements of most sedentary and light jobs, a person would not need to crouch"). This language in the rulings would also apply to squatting. Because the prohibition against crouching in the RFC essentially precludes squatting as well, plaintiff's second objection is not well taken.

III. Conclusion

Having reviewed the record *de novo*, the court determines that there is substantial evidence supporting the ALJ's determination that plaintiff is not disabled, as defined in the Social Security Act. The court hereby adopts and affirms the magistrate judge's report and recommendation (Doc. 14). Plaintiff's objections (Doc. 15) are denied. The Commissioner's decision is affirmed, and this action is dismissed. The clerk shall enter final judgment.

Date: April 11, 2017           s/James L. Graham
                               James L. Graham
                               United States District Judge